IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NATURAL PRODUCT ASSOCIATION,[1] | Case No. 19-11849 (JTD) |
| Debtor. | **Related Docket No. 3** |

### *INTERIM* ORDER (I) AUTHORIZING THE DEBTOR TO (A) CONTINUE THE USE OF THE DEBTOR'S CASH MANAGEMENT SYSTEM AND (B) EXTENDING THE TIME TO COMPLY WITH THE REQUIREMENTS OF SECTION 345(b) OF THE BANKRUPTCY CODE

Upon the motion (the "*Motion*")[2] of the above-captioned debtor and debtor-in-possession (the "*Debtor*") for entry of interim and final orders, pursuant to sections 105(a), 363(b)(1), 507(a), 541, 1107, and 1108 of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004, and Local Rules 2015-2 and 9013-1(m), authorizing the Debtor to continue using its Cash Management System, existing Bank Accounts, and Business Forms and upon consideration of the Motion and First Day Declaration; the Court having found that (i) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, (ii) venue is proper in this district pursuant to 28 U.S.C. § 1409, (iii) this is a core proceeding pursuant to 28 U.S.C. § 157(b), and (iv) notice of the Motion was sufficient under the circumstances and no other or further notice need to be provided; the Court having reviewed the Motion and the First Day Declaration and having considered the statements of counsel and the evidence adduced with respect to the Motion at the hearing; after due deliberation, the Court having determined that the relief requested in the Motion

---

[1] The Debtor in this case, along with the last four digits of the federal tax identification number, is Natural Product Association (6719). The Debtor's headquarters are located at 440 1st Street N.W., Suite 520, Washington, DC 20001.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

is in the best interests of the Debtor, its estate, its creditors, and all other parties interested in this case; and good and sufficient cause having been shown,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED on an interim basis as set forth herein.

2. The Debtor is authorized to continue to use its existing Cash Management System. In connection with the ongoing utilization of its Cash Management System, the Debtor shall continue to maintain records with respect to all transfers of cash so that all transactions may be readily ascertained, traced, and recorded properly and distinguished between prepetition and postpetition transactions.

3. For Banks at which the Debtor holds Bank Accounts that are party to a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware, within fifteen (15) days of the date of entry of this Order the Debtor shall (a) contact each bank, (b) provide the bank with the Debtor's employer identification number, and (c) identify each of its Bank Accounts held at such Banks as being held by debtor-in-possession in a bankruptcy case. The Debtor is authorized to open any new bank accounts or close any existing Bank Accounts as it may deem necessary and appropriate in its business judgement; *provided*, *however*, that the Debtor gives notice within fifteen (15) days to the Office of the United States Trustee for the District of Delaware and any statutory committees appointed in this Chapter 11 Case; *provided, further, however*, that the Debtor shall open any such new Bank Account at Banks that are an authorized depository by, and have executed an agreement with, the Office of the United States Trustee for the District of Delaware or at such banks that are willing promptly to execute such an agreement.

4. The Debtor is authorized, without further order of the Court, to pay to the Banks in the ordinary course of business, any Bank Fees that have accrued or will accrue.

5. For any banks at which the Debtor holds accounts that are not party to a Uniform Depository agreement with the Office of the United States Trustee for the District of Delaware, the Debtor shall use its good-faith efforts to cause the banks to execute a Uniform Depository agreement in a form prescribed by the Office of the United States Trustee within forty-five (45) days of the date of this Order. The U.S. Trustee's rights to seek further relief from this Court on notice in the event that the aforementioned banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee are fully reserved.

6. The Debtor is authorized to continue to use its existing preprinted checks and Business Forms, to the extent such exist, without alteration; provided that once the Debtor's existing checks have been used, the Debtor shall, when reordering checks, require the designation "Debtor-in-Possession" and the corresponding bankruptcy case number on all checks; provided further that, with respect to checks and Business Forms that the Debtor or its agents print themselves, the Debtor shall begin printing the "Debtor-in-Possession" legend and the bankruptcy case number on such items within ten (10) days of the date of entry of this Order.

7. The Banks are authorized to debit the Debtor's Bank Accounts in the ordinary course of business without need for further order of this Court for (i) all checks, items, and other payment orders drawn on the Debtor's Bank Accounts that are cashed at the Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Bank's receipt of notice of the commencement of this Chapter 11 Case, (ii) all checks, automated clearing house entries, and other items deposited or credited to one of the Debtor's Bank Accounts with the Banks prior to the commencement of this Chapter 11 Case that have been dishonored, reversed, or returned unpaid for any reason, together with any related fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the commencement of this Chapter 11 Case, and (iii) all undisputed prepetition

amounts outstanding as of the Petition Date, if any, owed to the Bank as service charges for the maintenance of the Cash Management System.

8. The Banks may rely on the representations of the Debtor with respect to whether any check, item, or other payment order drawn or issued by the Debtor prior to the commencement of this Chapter 11 Case that should be honored pursuant to this or any other order of this Court, and such Bank shall not have any liability to any party, including any trustee appointed in these cases, for relying on such representations by the Debtor as provided for herein.

9. The Debtor is authorized to deposit and invest its cash and cash equivalents in the Bank Accounts consistent with its prepetition practices and the Cash Management System. As to Banks that are not party to a uniform depository agreement with the United States Trustee for the District of Delaware, the requirements of section 345(b) of the Bankruptcy Code are hereby suspended on an interim basis for forty-five (45) days from the Petition Date.

10. Solely with respect to any Bank Accounts that may have inadvertently omitted from disclosure in the Motion, the Debtor is hereby granted a forty-five (45) day extension from the Petition Date to comply with the deposit and investment requirements under section 345(b) of the Bankruptcy Code or file a motion for additional time to comply or a further interim suspension of the requirements under section 345(b) of the Bankruptcy Code.

11. The Debtor is hereby authorized to execute any additional documents and cooperate with the Banks as may be required to carry out the intent and purpose of this Order.

12. A final hearing (the "**Final Hearing**") on the full relief requested in the Motion shall be held on **September 25, 2019 at 10:00 a.m. (*prevailing* Eastern Time)**. Any objections or responses to entry of a final order on the Motion (each, an "**Objection**") shall be filed **on or before 4:00 p.m. *prevailing* Eastern Time on September 18, 2019**, and served on the following parties: (a) the Debtor, National Product Association, 440 1st Street NW, Washington, DC 20001

(*Attn*: Daniel Fabricant, Ph.D., President and Chief Executive Officer); (b) *proposed* counsel for the Debtor, (i) Squire Patton Boggs (US) LLP, 2550 M Street, NW, Washington, DC 20037 (*Attn*: Christopher J. Giaimo, Esquire and Mark A. Salzberg, Esquire); and (ii) Chipman Brown Cicero & Cole, LLP, Hercules Plaza, 1313 North Market Street, Suite 5400, Wilmington, Delaware 19801 (*Attn:* Mark L. Desgrosseilliers, Esquire); (c) the Office of the United States Trustee, J. Caleb Boggs Federal Building, 844 King Street, Lockbox 35, Wilmington, Delaware 19801 (*Attn*: Richard L. Schepacarter, Esquire); and (d) counsel to any official committee of unsecured creditors appointed in this case. In the event no Objections to entry of a final order on the Motion are timely received, this Court may enter such final order without need for the Final Hearing.

13. The requirements set forth in Bankruptcy Rules 6003(b) and 6004(a) are satisfied by the contents of the Motion.

14. Pursuant to Rule 6004(h) of the Federal Rules of Bankruptcy Procedure, this Interim Order shall be immediately effective and enforceable upon its entry.

15. The Debtor is authorized and empowered to take all actions necessary to implement the relief granted in this Order.

16. The Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.

Dated: August 20th, 2019  
Wilmington, Delaware

JOHN T. DORSEY  
UNITED STATES BANKRUPTCY JUDGE