IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>NATURAL PRODUCT ASSOCIATION,[1]<br><br>Debtor. | Chapter 11<br><br>Case No. 19-11849 (JTD)<br><br>Hrg. Date: 9/25/2019 at 10:00 a.m. *(prevailing* Eastern Time)<br>Obj. Deadline: 9/18/2019 at 4:00 p.m. *(prevailing* Eastern Time) |

**APPLICATION OF THE DEBTOR FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF GLASSRATNER ADVISORY & CAPITAL GROUP LLC AS FINANCIAL ADVISOR FOR THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE**

The above-captioned debtor and debtor-in-possession (the "Debtor") respectfully submits this application (the "Application") for entry of an order, substantially in the form submitted herewith, pursuant to sections 327(a), 328(a), and 1107 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Procedure for the District of Delaware (the "Local Rules"), authorizing the Debtor to employ and retain GlassRatner Advisory & Capital Group LLC ("GlassRatner") as its financial advisor in this case, *nunc pro tunc* to August 19, 2019 (the "Petition Date"). In support of this Application, the Debtor submits the Declaration of Wayne P. Weitz (the "Weitz Declaration"), attached hereto as Exhibit A and incorporated by reference herein, and the Declaration of Daniel Fabricant, Ph.D. in Support of Chapter 11 Filing and First Day Motions (Docket No. 6) (the "Fabricant

---

[1] The Debtor in this case, along with the last four digits of the federal tax identification number, is Natural Product Association (6719). The Debtor's headquarters are located at 440 1st Street N.W., Suite 520, Washington, D.C. 20001.

Declaration"). In further support of the Application, the Debtor respectfully represents as follows:

**JURISDICTION, VENUE AND PREDICATES FOR RELIEF**

1. The Court has jurisdiction over this Application pursuant to 28 U.S.C. § 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2) and may be determined by the Bankruptcy Court.

3. The statutory predicates for the relief requested herein are Bankruptcy Code sections 327(a), 328(a), and 1107. The relief is also appropriate under Bankruptcy Rules 2014 and 2016 and Local Rules 2014-1 and 2016-2.

**BACKGROUND**

4. On the Petition Date, the Debtor filed with the Court a voluntary petition under chapter 11 of the Bankruptcy Code, commencing the above-captioned chapter 11 case. The Debtor continues to operate its businesses and manage its assets as a debtor-in-possession pursuant to Bankruptcy Code sections 1107(a) and 1108.

5. No creditors' committee has been appointed in this case as of the date of this Application. Moreover, no trustee or examiner has been appointed.

6. A full description of the Debtor's business operations, corporate structures, capital structures, and reasons for commencing this case is set forth in the Fabricant Declaration, which is incorporated herein by reference. Additional facts in support of the specific relief sought are set forth herein.

**RELIEF REQUESTED**

7.      By this Application, the Debtor seeks entry of an order pursuant to Bankruptcy Code sections 327(a), 328(a), and 1107, Bankruptcy Rules 2014 and 2016, and Local Rules 2014-1 and 2016-2 authorizing the retention of GlassRatner to serve as its financial advisor, *nunc pro tunc* to the Petition Date.  The terms of this retention are set forth herein and in that certain engagement letter between the Debtor and GlassRatner, dated as of August 9, 2019 (the "Engagement Letter"), annexed hereto as Exhibit B

**GLASSRATNER'S QUALIFICATIONS**

8.      The Debtor has selected GlassRatner based on GlassRatner's experience in providing financial advisory services in chapter 11 cases and based on GlassRatner's familiarity with the Debtor's businesses.

9.      As stated in the Weitz Declaration, GlassRatner is a full-service financial advisory firm with over 100 professionals located in approximately 15 offices throughout the U.S.  GlassRatner brings together a unique combination of financial and operating insight collectively gained from decades of experience working in crisis situations, along with practical transaction experience.  GlassRatner specializes in interim management, fiduciary services, turnaround consulting, operational due diligence, debtor and creditor advisory services, and financial and operational restructurings.  GlassRatner is an indirect, wholly-owned subsidiary of B. Riley Financial, Inc. (NASDAQ: RILY), a publicly traded, diversified financial services company, and an affiliate entity of B. Riley FBR, Inc. ("BRFBR").

10.     The Debtor has been advised that: (i) GlassRatner is one of the country's premier mid-market turnaround and crisis management firms and is well respected for its role as financial advisor; (ii) GlassRatner has extensive experience working with financially troubled entities in complex financial reorganizations, both in bankruptcy cases and in out-of-court restructuring situations; and (iii) GlassRatner and its employees have served, or are serving, as financial advisor to numerous official committees and debtors-in-possession in bankruptcy proceedings.

11.     Prior to retaining GlassRatner, the Debtor's management considered other advisory firms and evaluated each firm based on a number of considerations, including, but not limited to, the overall experience of each firm and their professionals, the capabilities of each firm, and the efficiency and cost-effectiveness of each firm.  After due consideration, the Debtor concluded that GlassRatner was best qualified to provide the services described herein at a reasonable level of compensation.

12.     The Debtor retained GlassRatner as of August 9, 2019, at which point GlassRatner's professionals immediately began to assess the Debtor's financial and operational condition and assist in the preparation and execution of this bankruptcy case, including development of an operating cash flow forecast.  In providing prepetition services to the Debtor, GlassRatner's professionals have worked closely with the Debtor's management and other employees and have become familiar with the Debtor's operations, capital structure, creditors, businesses, operations, and related matters.  Thus, GlassRatner has developed significant relevant experience and expertise regarding the Debtor that will assist it in providing effective and efficient services in this case.  The

Debtor firmly believes that GlassRatner is well qualified to represent its interests and the interests of its estate.

## Services to be Provided

13. GlassRatner will provide the financial and restructuring advisory services and other professional services set forth in the Engagement Letter, as well as such other services as GlassRatner and the Debtor shall reasonably deem appropriate. The professional services that GlassRatner will render to the Debtor are necessary in the operation and management of the Debtor's business and assets and are essential to the success of the Debtor's chapter 11 case. The services expected to be provided include:

(a) Assist the Debtor's management team and other professionals, as necessary, with its liquidity, financial, operational and strategic planning including the development of a Chapter 11 strategy.

(b) Assist in the negotiations with the various stakeholders, including stockholders, creditors, employees, and other parties, as necessary.

(c) Assist in the development and negotiations of a plan reorganization of the Debtor.

(d) If requested, prepare analyses related to potential third party causes of action, if any.

(e) Assist in the administration of the bankruptcy filings including Schedules of Assets and Liabilities, Statement of Financial Affairs, the Initial Monthly Operating Report and Monthly Operating Reports.

(f) Provide support in the development of a cash flow budget.

(g) Work with an Unsecured Creditors' Committee if appointed to facilitate the flow of information.

(h) Additional assistance as directed by the Debtor's management, Board of Directors, and legal counsel.

(i) Any other requested services.

**Terms of Retention**

14. Subject to approval by the Court, the Debtor proposes to employ and retain GlassRatner as the Debtor's financial advisor on the terms and conditions set forth in the Engagement Letter.

15. <u>Compensation</u>.  GlassRatner shall bill its time for services rendered in one-tenth of an hour increments at the hourly rates listed as follows:

 a. Principals $475-$650
 b. Sr. Managing Directors/Managing Directors $335-$595
 c. Sr. Associates/Associates $225-$395

16. <u>Expenses</u>.  In addition to the hourly rates referred to herein, the Debtor has agreed to reimburse GlassRatner for all reasonable business and travel expenses including charges for telephone, postage, fax, copying, and other out-of-pocket expenses associated with GlassRatner's work.  GlassRatner will charge the cost of these expenses in a manner and at rates consistent with charges generally made to the firm's other clients.  All such charges for which GlassRatner seeks payment are subject to Court approval.

17. <u>Indemnification</u>.  As a material part of the consideration for which the GlassRatner professionals have agreed to provide the services described herein, the Debtor has also agreed to indemnify GlassRatner in accordance with the indemnification provisions set forth in the Engagement Letter (the "<u>Indemnification Provisions</u>").  The Indemnification Provisions were fully negotiated between the Debtor and GlassRatner at arm's length, and the Debtor respectfully submits that the Indemnification Provisions, viewed in conjunction with the other terms of GlassRatner's proposed retention, are

reasonable and in the best interest of the Debtor, its estate, and its creditors. No payments to GlassRatner pursuant to any indemnification by the Debtor shall be made without Court approval.

18. The Debtor understands that GlassRatner intends to apply to the Court for allowance of compensation and reimbursement of expenses for its financial advisory services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court and any applicable guidelines established by the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee").

19. The Debtor engaged GlassRatner to perform services as financial advisors in August 2019. Prepetition, the Debtor paid GlassRatner a $50,000.00 retainer (the "Retainer"). To date, the Debtor has paid $25,601.50 to GlassRatner on account of services rendered by GlassRatner prior to the Petition Date. GlassRatner applied $25,601.50 of that amount against its Retainer, leaving a retainer balance of $24,398.50 as of the Petition Date. GlassRatner is holding the balance of its Retainer as a postpetition retainer until allowance of its final fee application, at which time it will remit any unapplied portion of the Retainer to the Debtor.

20. The Debtor believes that the fee arrangements set forth herein contain market-based, fair and reasonable terms and conditions for the retention by the Debtor of GlassRatner as its financial advisor in accordance with Bankruptcy Code section 328(a).

## GLASSRATNER'S DISINTERESTEDNESS

21. GlassRatner has informed the Debtor that, except as may be set forth in the Weitz Declaration, to the best of Mr. Weitz's knowledge, GlassRatner (a) has no

connection with the Debtor, its creditors, or other parties-in-interest in the Debtor's case; (b) does not hold any interest adverse to the Debtor's estate; and (c) believes GlassRatner is a "disinterested person" as defined by Bankruptcy Code section 101(14).

22. If any new material facts or relationships are discovered or arise, GlassRatner will provide the Court with a supplemental declaration.

23. GlassRatner has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with the Debtor's case, other than as permitted pursuant to Bankruptcy Code section 504.

## BASIS FOR RELIEF REQUESTED

**A.    The Retention of GlassRatner Under the Terms Described Herein Is Appropriate Under Bankruptcy Code Sections 327(a), 328, and 1107(b).**

24. The Debtor submits that the retention of GlassRatner under the terms described herein is appropriate under Bankruptcy Code sections 327(a), 328, and 1107(b). Bankruptcy Code section 327(a) empowers the Debtor, with the Court's approval, to employ professionals "that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [Debtor] in carrying out the [Debtor's] duties under this title." 11 U.S.C. § 327(a). Furthermore, Bankruptcy Code section 1107(b) provides that "a person is not disqualified for employment under section 327 of this title by a debtor in possession solely because of such person's employment by or representation of the debtor before the commencement of the case." 11 U.S.C. § 1107(b). Finally, Bankruptcy Code section 328(a) authorizes the employment of a professional person "on any reasonable terms and conditions of employment, including on a retainer." 11 U.S.C. § 328(a).

8

25. The Debtor believes that the compensation terms and conditions proposed herein appropriately reflect the nature and scope of the services to be provided by GlassRatner given the anticipated demands of this case and the expertise of GlassRatner. The fee structure outlined herein is reasonable given the nature of the services to be provided and is similar to fee structures utilized throughout the industry for comparable engagements. Thus, the terms and conditions for GlassRatner's retention specified herein and in the Engagement Letter are reasonable and should be approved.

26. The Debtor further submits that the Indemnification Provisions are reasonable and consistent with the terms and conditions typical for engagements of this character. The Indemnification Provisions reflect the qualifications and limits on such provisions that are customary in this jurisdiction and are in substantially the same form as terms that were approved by this Court in other cases.

27. Moreover, the Post-Petition Retainer is appropriate under the standard articulated in In re Insilco Technologies, Inc. because: (i) it reflects normal business terms in the marketplace; (ii) the Debtor and GlassRatner are sophisticated business entities that negotiated the Retainer at arm's-length; (iii) the retention of GlassRatner is in the best interests of the Debtor's estate; and (iv) the size of the Retainer is reasonable given the size and circumstances of these cases. See In re Insilco Tech., Inc., 291 B.R. 628, 634 (Bankr. D. Del. 2003) ("Factors to be considered, include . . . (1) whether terms of an engagement agreement reflect normal business terms in the marketplace; (2) the relationship between the Debtor and the professionals, i.e., whether the parties involved are sophisticated business entities with equal bargaining power who engaged in arms-length negotiation; (3) whether the retention, as proposed is in the best interests of the

estate; (4) whether there is creditor opposition to the retention and retainer provisions; and (5) whether, given the size, circumstances and posture of the case, the amount of the retainer is itself reasonable, including whether the retainer provides the appropriate level of 'risk-minimization'").

### B. The Retention of GlassRatner is Critical to the Debtor's Success.

24. Denying the relief requested herein would deprive the Debtor of the assistance of a highly qualified financial advisor and disadvantage the Debtor and all parties-in-interest. The Debtor would be forced to engage a new financial advisory firm on an expedited basis that likely will lack the same level of understanding of the Debtor's businesses and restructuring initiatives currently possessed by GlassRatner. This would undoubtedly consume additional time and resources, two luxuries the Debtor does not have. Accordingly, the Debtor respectfully submits that the services provided by GlassRatner are critical to the success of the Debtor's case and requests that the Court approve the Engagement Letter.

### NO PRIOR REQUEST

25. No previous application for the relief sought herein has been made to this or any other Court.

### NOTICE

26. Notice of this Application has been provided to: (a) the U.S. Trustee; (b) the creditors holding the 20 largest unsecured claims against the Debtor's estate, as identified in the Debtor's chapter 11 petition; and (c) all other parties requesting notice of pleadings pursuant to Bankruptcy Rule 2002. The Debtor respectfully submits that no further notice is required.

WHEREFORE, for the foregoing reasons, the Debtor respectfully requests that the Court enter the proposed order submitted herewith approving the retention of GlassRatner as the Debtor's financial advisor pursuant to Bankruptcy Code sections 327(a) and 328(a), *nunc pro tunc* to the Petition Date and grant the Debtor such other relief as may be just and proper.

Dated: September 5, 2019

Natural Products Association

By: _____
Name: Daniel Fabricant, Ph.D.
Title: Chief Executive Officer and President
