# **<u>EXHIBIT A</u>**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NATURAL PRODUCT ASSOCIATION,[1] | Case No. 19-11849 (JTD) |
| Debtor. | |

**DECLARATION OF WAYNE P. WEITZ IN SUPPORT OF APPLICATION OF THE DEBTOR FOR AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF GLASSRATNER ADVISORY & CAPITAL GROUP LLC AS FINANCIAL ADVISOR FOR THE DEBTOR *NUNC PRO TUNC* TO THE PETITION DATE**

Pursuant to 28 U.S.C. § 1746, Wayne P. Weitz declares as follows:

1. I am a Principal of GlassRatner Advisory & Capital Group LLC ("GlassRatner"), a financial advisory firm that specializes in, among other things, turning around troubled businesses and marketing and selling such businesses and their assets.

2. I submit this declaration ("Declaration") in support of the above-captioned debtor's (the "Debtor") Application (the "Application")[2] for an Order Authorizing the Employment of and Retention of GlassRatner as Financial Advisor for the Debtor *Nunc Pro Tunc* to the Petition Date pursuant to sections 327(a), 328(a), and 1107 of chapter 11 of title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 2014-1 and 2016-2 of the Local Rules of Bankruptcy Procedure for the District of

---

[1] The Debtor in this case, along with the last four digits of the federal tax identification number, is Natural Product Association (6719). The Debtor's headquarters are located at 440 1st Street N.W., Suite 520, Washington, D.C. 20001.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Application.

Delaware, filed contemporaneously herewith. Unless otherwise stated herein, I have personal knowledge of the facts set forth in this declaration.

### **Qualifications**

3. The Debtor selected GlassRatner based on GlassRatner's experience in providing financial advisory services in chapter 11 cases and based on GlassRatner's familiarity with the Debtor's businesses.

4. GlassRatner is a full-service financial advisory firm with over 100 professionals located in approximately 15 offices throughout the U.S. GlassRatner brings together a unique combination of financial and operating insight collectively gained from decades of experience working in crisis situations, along with practical transaction experience. GlassRatner specializes in interim management, fiduciary services, turnaround consulting, operational due diligence, debtor and creditor advisory services, and financial and operational restructurings. GlassRatner is an indirect, wholly-owned subsidiary of B. Riley Financial, Inc. (NASDAQ: RILY), a publicly traded, diversified financial services company, and an affiliate entity of B. Riley FBR, Inc. ("BRFBR").

5. GlassRatner is one of the country's premier mid-market turnaround and crisis management firms and is well respected for its role as financial advisors. In particular, GlassRatner has extensive experience working with financially troubled entities in complex financial reorganizations, both in bankruptcy cases and in out-of-court restructuring situations. GlassRatner and its employees have served, or are serving, as financial advisors to numerous official committees and debtors-in-possession in bankruptcy proceedings

6. The Debtor retained GlassRatner as of August 9, 2019, to assess its financial and operational condition and assist in the preparation and execution of this case. In providing prepetition services to the Debtor, GlassRatner's professionals have worked closely with the Debtor's management and other employees and have become familiar with the Debtor's operations, debt structure, creditors, businesses, operations, and related matters. Thus, GlassRatner has developed significant relevant experience and expertise regarding the Debtor that will assist it in providing effective and efficient services in this case.

## Services to Be Performed

7. GlassRatner will provide the financial and restructuring advisory services and other professional services set forth in the Engagement Letter, as well as such other services as GlassRatner and the Debtor shall deem appropriate. The professional services that GlassRatner will render to the Debtor are necessary in the operation and management of the Debtor's business and assets and are essential to the success of the Debtor's chapter 11 case. The services expected to be provided include:

(a) Assist the Debtor's management team and other professionals, as necessary, with its liquidity, financial, operational, and strategic planning including the development of a Chapter 11 strategy.

(b) Assist in the negotiations with the various stakeholders, including stockholders, creditors, employees, and other parties, as necessary.

(c) Assist in the development and negotiations of a plan reorganization of the Debtor.

(d) If requested, prepare analyses related to potential third party causes of action, if any.

(e) Assist in the administration of the bankruptcy filings including Schedules of Assets and Liabilities, Statement of Financial Affairs, the Initial Monthly Operating Report, and Monthly Operating Reports.

(f) Provide support in the development of a cash flow budget.

(g) Work with an Unsecured Creditors' Committee if appointed to facilitate the flow of information.

(h) Additional assistance as directed by the Debtor's management, Board of Directors, and legal counsel.

(i) Any other requested services.

**Terms of Retention**

8. Subject to Court approval and in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, any applicable United States Trustee guidelines, and the Local Rules, GlassRatner will seek from the Debtor compensation for services on an hourly basis and reimbursement of actual and necessary expenses incurred by GlassRatner pursuant to the terms and conditions set forth in the Engagement Letter and any order of the Court approving the Application. The provisions of the Engagement Letter are detailed below.

9. Compensation. GlassRatner shall bill its time for services rendered at the hourly rates listed as follows:

   a. Principals                                      $475-$650
   b. Sr. Managing Directors/Managing Directors       $335-$595
   c. Sr. Associates/Associates                       $225-$395

10. Expenses. In addition to the hourly rates referred to herein, GlassRatner will seek reimbursement for all reasonable business and travel expenses including charges for telephone, postage, fax, copying, and other out-of-pocket expenses associated with GlassRatner's work. GlassRatner will charge the cost of these expenses in a manner and at rates consistent with charges generally made to the firm's other clients. All such charges for which GlassRatner will seek payment are subject to Court approval.

11.     Indemnification.  As a material part of the consideration for which the GlassRatner professionals have agreed to provide the services described herein, the Debtor has also agreed to indemnify GlassRatner in accordance with the indemnification provisions set forth in the Engagement Letter (the "Indemnification Provisions").  The Indemnification Provisions were fully negotiated between the Debtor and GlassRatner at arm's-length.  The Indemnification Provisions, viewed in conjunction with the other terms of GlassRatner's proposed retention, are reasonable and in the best interest of the Debtor, its estate, and its creditors.  No payments to GlassRatner pursuant to any indemnification by the Debtor shall be made without Court approval.

12.     GlassRatner intends to apply to the Court for allowance of compensation and reimbursement of expenses for its financial advisory services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, orders of this Court, and any applicable guidelines established by the U.S. Trustee.

13.     The Debtor engaged GlassRatner to perform services as financial advisors in August 2019.  Prepetition, the Debtor paid GlassRatner a $50,000.00 retainer (the "Retainer").  To date, the Debtor has paid $25,601.50 to GlassRatner on account of services rendered by GlassRatner prior to the Petition Date.  GlassRatner applied $25,601.50 of that amount against its Retainer, leaving a retainer balance of $24,398.50 as of the Petition Date.  GlassRatner is holding the balance of its Retainer as a postpetition retainer until allowance of its final fee application, at which time it will remit any unapplied portion of the Retainer to the Debtor.

14.     To the best of my knowledge, (a) no commitments have been made or received by GlassRatner with respect to compensation or payment in connection with the

Debtor's case other than in accordance with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, and (b) GlassRatner has no agreement with any other entity to share with such entity any compensation received by GlassRatner in connection with the Debtor's case.

### Disinterestedness

15. In connection with the preparation of this Declaration, GlassRatner conducted an analysis to determine whether it holds or represents any interest adverse to the Debtor. Such analysis consisted of a review of its contacts with the Debtor and other parties including certain entities holding large claims against or interest in the Debtor, the Debtor's lender and proposed purchaser, and others affiliated with this case that were made reasonably known to GlassRatner by the Debtor. A list of the parties reviewed is reflected in Schedule 1 to this Declaration. Each party on this list was checked against a database containing GlassRatner's clients, adverse parties, and related parties and then manually reviewed to identify any matters on which work was performed. A summary of potential relationships between GlassRatner and parties on the list that GlassRatner identified during this process is set forth in Schedule 2 hereto.

16. Based on the results of its review, to the best of my knowledge, except as discussed below, GlassRatner does not have an active relationship with any of the parties listed in Schedule 1 in matters related to this proceeding.

17. In addition to the above, GlassRatner has provided and could reasonably be expected to continue to provide services unrelated to the Debtor's case for some of the various other entities shown on Schedule 2. To the best of my knowledge, no services have been provided to these parties-in-interest regarding their rights in the Debtor's case,

nor does GlassRatner's involvement in this case compromise its ability to continue such consulting services.

18. GlassRatner appears in numerous cases and proceedings, and participates in transactions that involve many different professionals, including attorneys, accountants, and financial consultants, who may represent claimants and parties-in-interest in the Debtor's case. In addition, GlassRatner may perform in the future, financial advisory services for various attorneys and law firms and has been represented by attorneys and law firms, some of whom may become involved in this proceeding. Based on our current knowledge of the professionals involved, and to the best of my knowledge, none of these relationships create interests materially adverse to the Debtor in the matter upon which GlassRatner is to be employed, and none are in connection with the Debtor's case.

19. GlassRatner does not believe it is a "creditor" of the Debtor within the meaning of Bankruptcy Code section 101(1). Further, neither I nor any member of the GlassRatner engagement team servicing the Debtor, to the best of my knowledge, is a holder of any of the Debtor's debt or equity securities.

20. To the best of my knowledge, no employee of GlassRatner is a relative of, or has been connected with, any judge of the bankruptcy court for this district, the U.S. Trustee, or any employee of the U.S. Trustee.

21. To the best of my knowledge, GlassRatner is a "disinterested person" within the meaning of Bankruptcy Code section 101(14), as referred to in Bankruptcy Code section 327(a).

22. Pursuant to Bankruptcy Rule 2014(a), GlassRatner will supplement its disclosure to the Court if any facts or circumstances are discovered that would require disclosure.

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct to the best of my knowledge, information and belief. Executed on September 4, 2019

                        GlassRatner Advisory & Capital Group LLC

                        */s/ Wayne P. Weitz*
                        By:    Wayne P. Weitz
                        Title:  Principal

## Schedule 1

**Conflict Search Parties**

*Debtor:*
Natural Product Association

*Utilities:*
Comcast
Allied Telecom Group, LLC

*Case Professionals:*
Squire Patton Boggs (US) LLP
Chipman Brown Cicero & Cole, LLP

*Banks:*
Eagle Bank
Morgan Stanley Wealth Management

*Other Creditors:*
Accrinet Corporation
Accrisoft Corporation
ADR Services, Inc.
Aerotek Professional Services
Americans for Natural Products
ANSI-ASQ National Accreditation Board
Arianne Lindsey
Aristotle International Inc.
Arizona Nutritional Supplements
Armstrong Enterprise Comm
Arthur Gallagher Risk Management Services Inc.
ASAE: The Center for Association Leadership
Asana Creative Strategy
Basf Corp
Beacon Hill Staffing Group LLC
Beast
Bloomberg
Blue Boy Document Imaging
Bodybuilding.com
Brent D. Weickert
Callahan Thompson Sherman & Caudill LLP
Capstone Nutrition
Capsugel
CBD Industries LLC
Centric Business Systems
Embassy of the People's Republic of China
Christine Yeo
Chromadex Inc.
Coalition for the Advancement of Dietary Supplements
Colleen Rood
Complete Network Integration
Corey Hilmas
Corner Bakery

Council for Responsible Nutrition
CQ-Roll Call Inc
Crawford Solutions LLC
CT Corporation
CT Health Solutions LLC
Cvent
Daniel Fabricant, Ph.D.
Danisco USA Inc
The Vitamin Shoppe
DC Arena LP
DC Health Link
Delaware State Treasury
Dewey Square Group LLC
Digidoc
Doug Nissinoff
Drake Sorey Photographer
Eagle Bank Cardmember Services
Southtown Health Foods
Employers Preferred Insurance Company
Eurofins Scientific Inc.
Farmaceutical Partners LLC
FedEx
FedEx Office
Felix Kang
Fidelis government relations
First Potomac Realty Trust
Ford Agency
Franchise Tax Board Exempt Organizations
Gabriel Cosmetics Inc
General Nutrition Corporation
Gesundheit Nutrition Center
Getgo Inc
Glanbia Performance Nutrition
Great American Insurance Company
Great America Financial Services
Gula Graham Group
Harvey Kamil
HDMK
Heather Louise Finch
Higher Logic
HW Advocates
Informz
Internal Revenue Service
International Vitamin Corporation
Jackson Lewis PC
Jams
Jenna Mota Melville
Nutrition 21 LLC
John K Turk
John Modero
Joy Akins

| | |
|---|---|
| Kap Print LLC | Secretary of State, Division of Corporations, |
| Kastle Systems LLC | Franchise Tax |
| KGK Science Inc | Securities & Exchange Commission |
| Kristin Repass | Senator Orrin G. Hatch (ret) |
| Kristopher Jolin | Skyline Metro DC |
| KWC | Social Driver |
| Laser Line | SP Plus Corporation |
| Lesli Haims | Stephanie Swanson |
| Logmein USA Inc | Stephen Sullivan |
| Lonza Inc | Tate & Tyron |
| Lynch & Fierro LLP | The Ford Agency |
| Madison Law APC | The Keelen Group LLC |
| Matt Gregory | The RMR group LLC |
| MetLife Group Benefits | Trace Minerals Research LLC |
| Metropolitan Life Insurance Company | Troy Bradford |
| Mitsubishi Gas Chemical America Inc | True Nature Group Inc. |
| | US Bank Equipment Finance |
| MGM National Harbor LLC | Upstream Consulting |
| MGM Resorts International | Van Scoyoc Associates |
| Michael Harrell | Vision Service Plan |
| Minuteman Press | Walker Martin & Hatch LLC |
| MOI Inc | Walsh Natural Health LLC |
| Nai-natural Alternative Intl Inc | West Unified Communications Services Inc. |
| Natural Alternatives | Western Lithographics |
| Natural Food Store LLC | William Stewart Photography |
| Natural Products Consumer GRP Forum | Natural Products Foundation |
| Natures Way Brands | ***Delaware Bankruptcy Judges and Clerk of Court:*** |
| The Natures Bounty Co | |
| Nimit Mehta | Hon. Kevin J. Carey |
| Now Foods | Hon. Ashley M. Chan |
| NPA Pac | Hon. John T. Dorsey |
| NRI Staffing | Hon. Kevin Gross |
| Nutrabolt | Hon. Karen B. Owens |
| Omniactive Health Technologies Inc | Hon. Brendan L. Shannon |
| Parry and Romani Associates Inc. | Hon. Laurie Selber Silverstein |
| Paychex | Hon. Christopher S. Sontchi (Chief) |
| Politico | Hon. Mary F. Walrath |
| Porzio Bromberg & Newman PC | Una O'Boyle, clerk of court |
| Preston Parry | |
| Prevailing Strategies | ***U.S. Trustee's Office, District of Delaware:*** |
| Principal Financial Group | Lauren Attix, OA Assistant |
| Protech Assocs Inc | David Buchbinder, Trial Attorney |
| Psav | Linda Casey, Trial Attorney |
| PTL Ins Brokers Inc | Holly Dice, Auditor |
| Rackspace US Inc | Shakima L. Dortch, Paralegal Specialist |
| Rampy Northrup LLC | Timothy J. Fox, Jr., Trial Attorney |
| Red Land Strategy Inc | Denise Giordano, Bankruptcy Analyst |
| Registered Agent Solutions Inc. | Christine Green, Paralegal Specialist |
| RH Office Team | Benjamin Hackman, Trial Attorney |
| Ridgewells Catering | Jeffrey Heck, Bankruptcy Analyst |
| Robert Half | Jane Leamy, Trial Attorney |
| Rogers & Company PLLC | Hannah M. McCollum, Trial Attorney |
| Ryan Flood | James R. O'Malley, Bankruptcy Analyst |
| Sales Evolve Solutions Inc | Michael Panacio, Bankruptcy Analyst |
| | Linda Richenderfer, Trial Attorney |

| | |
|---|---|
| Juliet Sarkessian, Trial Attorney | Ramona Vinson, Paralegal Specialist |
| Richard Schepacarter, Trial Attorney | Jaclyn Weissgerber, Trial Attorney |
| Edit a. Serrano, paralegal Specialist | Michael West, Bankruptcy Analyst |
| Karen Starr, Bankruptcy Analyst | Dion Wynn, Paralegal Specialist |
| T. Patrick Tinker, Assistant U.S. Trustee | |

**Schedule 2**

GlassRatner is involved in unrelated matters with Squire Patton Boggs (US) LLP.