## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| NATURAL PRODUCT ASSOCIATION,[1] | Case No. 19-11849 (JTD) |
| Debtor. | **Hrg. Date: Only in the Event of an Objection**<br>**Obj. Due: December 27, 2019 at 4:00 p.m.** *(prevailing* Eastern Time) |

**FOURTH MONTHLY APPLICATION OF GLASSRATNER ADVISORY & CAPITAL GROUP LLC FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS FINANCIAL ADVISOR FOR THE DEBTOR AND DEBTOR-IN-POSSESSION FOR THE PERIOD FROM NOVEMBER 1, 2019, THROUGH AND INCLUDING NOVEMBER 30, 2019**

| | |
|---|---|
| *Name of Applicant:* | GlassRatner Advisory & Capital Group LLC (**"GlassRatner"**) |
| *Authorized to Provide Professional Services to:* | Debtor and Debtor-in-Possession, *Nunc Pro Tunc* to August 19, 2019 |
| *Period for Which Compensation and Reimbursement is Sought:* | November 1, 2019, through and including November 30, 2019 |
| *Amount of Compensation Sought as Actual, Reasonable and Necessary:* | $6,748.00 (80% = $5,398.40) |
| *Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary:* | $0.00 |

This is a(n) _____ Interim \_\_√\_\_ Monthly _____ Final Fee Application.

---

[1]     The Debtor in this case, along with the last four digits of the federal tax identification number, is Natural Product Association (6719). The Debtor's headquarters are located at 440 1st Street N.W., Suite 520, Washington, D.C. 20001.

This is GlassRatner's fourth monthly application. Prior Applications are as follows:

| DATE FILED | PERIOD COVERED | REQUESTED | | APPROVED | |
|---|---|---|---|---|---|
| | | FEES | EXPENSES | FEES | EXPENSES |
| 10.08.2019 [Docket No. 96] | 08.19.2019 – 08.31.2019 | $22,003.50 | $76.80 | $17,602.80 | $76.80 |
| 10.29.2019 [Docket No. 119] | 09.01.2019 – 09.30.2019 | $12,647.50 | $13.00 | $10,118.00 | $13.00 |
| 12.03.2019 [Docket No. 144] | 10.01.2019 – 10.31.2019 | $7,641.00 | $10.50 | 0.00 | $0.00 |

The total time expended in connection with the preparation of this fee application is not included herein as such time was expended after the Application Period. However, through this fee application, Glass Ratner seeks payment of $197.50 for one (1) hour(s) spent preparing and reviewing the fee application for October, 2019.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| NATURAL PRODUCT ASSOCIATION,[2] | Case No. 19-11849 (JTD) |
| Debtor. | **Hrg. Date: Only in the Event of an Objection**<br>**Obj. Due: December 27, 2019, at 4:00 p.m.** (prevailing Eastern Time) |

**FOURTH MONTHLY APPLICATION OF GLASSRATNER ADVISORY &**
**CAPITAL GROUP LLC FOR COMPENSATION AND REIMBURSEMENT OF**
**EXPENSES AS FINANCIAL ADVISOR FOR THE DEBTOR AND DEBTOR-IN-**
**POSSESSION FOR THE PERIOD FROM NOVEMBER 1, 2019,**
**THROUGH AND INCLUDING NOVEMBER 30, 2019**

Pursuant to sections 105(a), 330 and 331 of title 11 of the United States Code §§ 101-1532 (the "**Bankruptcy Code**"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**"), GlassRatner Advisory & Capital Group LLC ("**GlassRatner**"), financial advisor to the debtor and debtor-in-possession (the "**Debtor**" or "**NPA**"), hereby submits its fourth monthly application (the "**Application**") for compensation and reimbursement of expenses for the period from November 1, 2019, through and including November 30, 2019 (the "**Application Period**"). By this Application, GlassRatner seeks a monthly interim allowance of compensation in the amount of $5,398.40 (80% of the total of $6,748.00 in fees) and actual expenses in the amount of $0.00 for an aggregate total of $5,398.40 in accordance with the *Order Granting the Motion of the Debtor for an Order Establishing Procedures for Interim Compensation and Reimbursement of Expenses of Professionals* [Docket No. 76] entered September 25, 2019 (the "**Interim**

---

[2]	The Debtor in this case, along with the last four digits of the federal tax identification number, is Natural Product Association (6719).  The Debtor's headquarters are located at 440 1st Street N.W., Suite 520, Washington, D.C. 20001.

Compensation Order"). GlassRatner hereby seeks payment of $5,398.40 (80% of the allowed

fees) and reimbursement of $0.00 (100% of allowed expenses), for an aggregate total payment of

$5,398.40 for the Application Period upon the filing of a certificate of no objection. In support

thereof, GlassRatner respectfully represents as follows:

## JURISDICTION AND VENUE

1.      The Court has jurisdiction over the Debtor, its estate, and this matter under 28

U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States

District Court for the District of Delaware, dated February 29, 2012. This is a core proceeding

under 28 U.S.C. § 157(b).

2.      Venue of this proceeding and this Application is proper in this district pursuant to

28 U.S.C. § 1408.

3.      Pursuant to Local Rule 9013-1(f), the Debtor consents to the entry of a final order

by the Court in connection with this Application, to the extent it is later determined that the

Court, absent consent of the parties, cannot enter final orders or judgments consistent with

Article III of the United States Constitution.

4.      The statutory predicates for the relief sought herein are sections 105(a), 330 and

331 of the Bankruptcy Code, Bankruptcy Rule 2016 and Local Rule 2016-2.

## BACKGROUND

**A.      GENERAL BACKGROUND.**

5.      On August 19, 2019 (the "**Petition Date**"), the Debtor filed a voluntary petition

for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the

District of Delaware (the "**Court**"), thereby commencing this case (the "**Chapter 11 Case**").

6.    The Debtor continues to be in possession of its properties, to operate its business, and manage its properties as a debtor-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

7.    On September 25, 2019, the Court signed the Interim Compensation Order, authorizing certain professionals ("**Professionals**") to submit monthly applications for interim compensation and reimbursement for expenses, pursuant to the procedures specified therein. The Interim Compensation Order provides, among other things, that a Professional may submit monthly fee applications.  If no objections are made within twenty-one (21) days after service of the monthly fee application the Debtor is authorized to pay the Professional eighty percent (80%) of the requested fees and one hundred percent (100%) of the requested expenses.

B.    THE RETENTION OF GLASSRATNER.

8.    GlassRatner is a full-service financial advisory firm with over 100 professionals located in approximately 15 offices throughout the U.S. GlassRatner brings together a unique combination of financial and operating insight collectively gained from decades of experience working in crisis situations, along with practical transaction experience. GlassRatner specializes in interim management, fiduciary services, turnaround consulting, operational due diligence, debtor and creditor advisory services, and financial and operational restructurings. GlassRatner is an indirect, wholly-owned subsidiary of B. Riley Financial, Inc. (NASDAQ: RILY), a publicly traded, diversified financial services company, and an affiliate entity of B. Riley FBR, Inc. ("**BRFBR**").

9.    GlassRatner is one of the country's premier mid-market turnaround and crisis management firms and is well respected for its role as financial advisors. In particular, GlassRatner has extensive experience working with financially troubled entities in complex

financial reorganizations, both in bankruptcy cases and in out-of-court restructuring situations. GlassRatner and its employees have served, or are serving, as financial advisors to numerous official committees and debtors-in-possession in bankruptcy proceedings.

10.    On September 5, 2019, the Debtor filed the *Application of the Debtor for Entry of an Order Authorizing the Employment and Retention of GlassRatner Advisory & Capital Group LLC as Financial Advisor for the Debtor Nunc Pro Tunc to the Petition Date* [Docket No. 41] (the "**Retention Application**").

11.    On September 25, 2019, the Court entered the *Order Authorizing the Employment and Retention of GlassRatner Advisory & Capital Group LLC as Financial Advisor to the Debtor Nunc Pro Tunc to the Petition Date* [Docket No. 73] (the "**Retention Order**"). As set forth in the Retention Application and approved by the Retention Order, GlassRatner has been retained to provide a broad range of services to the Debtor, including, but not limited to:

    (a)    Assist the Debtor's management team and other professionals, as necessary, with its liquidity, financial, operational and strategic planning including the development of a Chapter 11 strategy.

    (b)    Assist in the negotiations with the various stakeholders, including stockholders, creditors, employees, and other parties, as necessary.

    (c)    Assist in the development and negotiations of a plan reorganization of the Debtor.

    (d)    If requested, prepare analyses related to potential third party causes of action, if any.

    (e)    Assist in the administration of the bankruptcy filings including Schedules of Assets and Liabilities, Statement of Financial Affairs, the Initial Monthly Operating Report and Monthly Operating Reports.

    (f)    Provide support in the development of a cash flow budget.

    (g)    Work with an Unsecured Creditors' Committee if appointed to facilitate the flow of information.

    (h)    Additional assistance as directed by the Debtor's management, Board of Directors, and legal counsel.

(i)    Any other requested services.

12.    The Retention Order authorized GlassRatner to be compensated pursuant to the procedures set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Interim Compensation Order.

13.    The Interim Compensation Order provides that upon the expiration of the twenty-one (21) day Objection Deadline, the Professional submitting the Monthly Fee Application shall file a certificate of no objection with the Court with respect to any fees and expenses not subject to objection. After a certificate of no objection is filed, the Debtor is authorized and directed to pay the Professional 80% of the fees and 100% of the expenses requested in the applicable Monthly Fee Application that are not subject to an objection.

## RELIEF REQUESTED

14.    This Application is the fourth monthly fee application filed by GlassRatner in this Chapter 11 Case.  In connection with the professional services described below, by this Application, GlassRatner seeks allowance of compensation in the amount of $6,748.00 and reimbursement of actual and necessary expenses in the amount of $0.00 for the Application Period. After applying a 20% holdback of fees, the total of the fees requested for this period is $5,398.40 and total expenses of $0.00, for a total of $5,398.40.

## BILLING PRACTICES

15.    GlassRatner charges based on actual hours expended to perform its services at standard hourly rates established for each employee, as adjusted semi-annually. It is the customary practice of the firm to bill clients for travel time consistent with guidelines of the jurisdiction. For this jurisdiction, therefore, GlassRatner will apply a fifty percent (50%) discount rate to non-working travel time billed. Time entries are recorded in six-minute increments. Fees

reflect economies resulting from the use of paraprofessional and support personnel to develop schedules and analyses, input computer data, perform research, work on fee applications, and other activities necessary to the efficient administration of a case. So as not to burden clients who do not require such services, GlassRatner does not include support services in the firm's overhead for the purpose of establishing billing rates. Billing rates are generally representative of prevailing market rates, as awarded by other courts in similar circumstances, based on the customary compensation charged by comparably skilled practitioners in bankruptcy and non-bankruptcy engagements.

16.    GlassRatner charges for reasonably incurred, out-of-pocket expenses associated with an assignment including, but not limited to, costs of reproduction and other direct expenses. GlassRatner does not incur costs for luxury accommodations or deluxe meals and when prohibited by applicable Interim Compensation Order does not bill clients for fifth class airfare.

## SUMMARY OF SERVICES RENDERED

17.    Since being retained by the Debtor, GlassRatner has rendered professional services to the Debtor as requested and as necessary and appropriate in furtherance of the interests of the Debtor's estate. GlassRatner respectfully submits that the professional services that it rendered on behalf of the Debtor were necessary, have directly benefited the Debtor, and have contributed to the effective administration of this Chapter 11 Case.

18.    GlassRatner submits that the monthly fees applied for herein for professional services rendered in performing services for the Debtor in this Chapter 11 Case are fair and reasonable in view of the time spent, the extent of work performed, the nature of the Debtor's capitalization structure and financial condition, the Debtor's financial accounting resources and

the results obtained. GlassRatner's fees typically are based on the actual hours charged at GlassRatner's standard hourly rates, which are in effect when the services are rendered.

19.     GlassRatner expended an aggregate of 14.4 hours, substantially all of which were expended by the professional staff of GlassRatner. The work involved, and thus the time expended, was carefully assigned in light of the experience and expertise required for a particular task.  A small staff was utilized to optimize efficiencies and avoid redundant efforts.

20.     GlassRatner believes that there has been no duplication of services between GlassRatner and any other consultants or accountants to the Debtor's estate.

**A.     COMPENSATION REQUESTED.**

21.     A summary of the hours spent, the names of each professional and paraprofessional rendering services to the Debtor during the Application Period, the regular customary billing rates and the total value of time incurred by each professional, paraprofessional and support person rendering services to the Debtor is attached hereto as **Exhibit A**.

22.     A copy of the computer-generated time entries reflecting the time recorded for these services, organized in project billing categories in accordance with the United States Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 (the "**Guidelines**"), is attached hereto as **Exhibit A**.

**B.     EXPENSE REIMBURSEMENT.**

23.     GlassRatner incurred no out-of-pocket expenses during the Application.

## RESERVATION OF RIGHTS

22.     To the extent time or disbursement charges for services rendered or disbursements incurred relate to the Application Period but were not processed prior to the preparation of this Application, or GlassRatner has for any other reason not sought compensation or reimbursement

of expenses herein with respect to any services rendered or expenses incurred during the

Application Period, GlassRatner reserves the right to request additional compensation for such

services and reimbursement of such expenses in a future application.

## CERTIFICATE OF COMPLIANCE AND WAIVER

23.     The undersigned certifies that he has reviewed the requirements of Local Rule

2016-2 and that the Application substantially complies with that Local Rule.  To the extent that

the Application does not comply in all respects with the requirements of Local Rule 2016-2,

GlassRatner believes that such deviations are not material and respectfully requests that any such

requirements be waived.

## CONCLUSION

**WHEREFORE**, GlassRatner respectfully requests (a) that it be allowed compensation in

the amount of $5,398.40 for professional services rendered (80% or $6,748.00) of which is to be

paid upon the filing of a certificate of no objection), and reimbursement of expenses in the

amount of $0.00 (100% of which is to be paid upon the filing of a certificate of no objection) for

the Application Period; and (b) that the Court authorize and direct the Debtor to pay GlassRatner

the amounts due and owing hereunder in accordance with the Interim Compensation Order.

Dated:  December 6, 2019                    **GLASSRATNER ADVISORY & CAPITAL GROUP LLC**
        Wilmington, Delaware


                                            /s/ Wayne P. Weitz
                                            Wayne P. Weitz, Principal

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 11 |
| NATURAL PRODUCT ASSOCIATION,[1] | Case No. 19-11849 (JTD) |
| Debtor. | |

### <u>VERIFICATION</u>

| | | |
|---|---|---|
| **STATE OF DELAWARE** | ) | |
| | ) | **SS** |
| **COUNTY OF NEW CASTLE** | ) | |

I, Wayne P. Weitz, being duly sworn according to law, deposes and says:

1.      I am an authorized representative of GlassRatner Advisory & Capital Group LLC, financial advisor to Natural Product Association.

2.      I have read the foregoing Application of GlassRatner for allowance of compensation and reimbursement of expenses and know the contents thereof, and the same are correct to the best of my knowledge, information and belief. I have reviewed the requirements of Rule 2016-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware", and to the best of my knowledge, information and belief this Application complies with Local Rule 2016-2.

Dated: December 6, 2019

_/s/ Wayne P. Weitz_
Wayne P. Weitz, Principal

---

[1]      The Debtor in this case, along with the last four digits of the federal tax identification number, is Natural Product Association (6719).  The Debtor's headquarters are located at 440 1st Street N.W., Suite 520, Washington, D.C. 20001.